

**United States District Court**
Central District of California
**Office of the Clerk**

**Jeffrey S. Thomason**
Acting Chief Probation and Pretrial Services Officer
255 East Temple Street, Suite 1410
Los Angeles, CA 90012

**Kiry K. Gray**
District Court Executive / Clerk of Court
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Cristina M. Squieri Bullock**
Chief Deputy of Administration
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Sara Tse Soo Hoo**
Chief Deputy of Operations
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

August 26, 2021

Anne Smallwood Kelson
Roxborough Pomerance Nye & Adreani, LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, CA 91367
Email: lucy@rpnalaw.com

Michael J. Bononi
Bononi Law Group LLP
915 Wilshire Boulevard, Suite 1950
Los Angeles, CA 90017
Email: mbononi@bononilawgroup.com

Gina Monica Chang
Littler Mendelson PC
50 West San Fernando, 15th Floor
San Jose, CA 95113-2303
Email: gchang@littler.com

Re:   *Victoria Bobnow. v. Wal-Mart Stores, Inc., et al.*
      5:11-CV-00736 DDP (SPx)

Dear Ms. Kelson, Mr. Bononi, and Ms. Chang:

I have been contacted by Judge Dean D. Pregerson, who presided over the above-mentioned case, which is now closed.

Judge Pregerson informed me that he has recently discovered that, during the time he presided over the case, his children owned stock in Wal-Mart. His children's ownership of stock neither affected nor impacted his decisions in this case. Judge Pregerson did not make any substantive rulings in the case, which the parties resolved between themselves. Nevertheless, his children's stock ownership may have required recusal under the Code of Conduct for United States Judges. Therefore, Judge Pregerson directed that I notify the parties of the conflict.

**Eastern Division**
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Southern Division**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701

*Victoria Bobnow. v. Wal-Mart Stores, Inc., et al.*
5:11-CV-00736 DDP (SPx)
August 26, 2021

   Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

   Although Advisory Opinion 71 contemplated disqualification after oral argument before a Court of Appeals, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

   With Advisory Opinion 71 in mind, you are invited to respond to Judge Pregerson's disclosure of a conflict in this case, including any request to reopen the case. Should you wish to respond, please submit your response by filing it on the docket on or before September 25, 2021. Any response will be considered by another judge of this District without the participation of Judge Pregerson.

       Sincerely,

       *Kiry K. Gray*

       Kiry K. Gray
       District Court Executive/Clerk of the Court